**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:01CV-P334-H**

**MARK BORDERS** *et al.*                                                                                    **PLAINTIFFS**

**v.**

**THOMAS CAMPBELL** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Inmate Earl McFall has filed a motion in this action seeking to enforce a settlement agreement entered into between two other inmates, Mark Borders and James Allen Peters, and the former Kentucky Department of Corrections Commissioner, Thomas Campbell. Movant McFall claims that prison officials are not abiding by the terms of the agreement regarding protective clothing during the winter months. Movant McFall was not party to the original action. Additionally, the original action was not certified as a class action. Thus, as an initial matter, this Court must determine whether Movant McFall has standing to bring the instant motion.

Arguably, as an incarcerated individual, Movant McFall was an intended beneficiary of the settlement agreement in this action. *See Hook v. Arizona Dep't of Corr.*, 972 F.2d 1012, 1015 (9th Cir. 1992) (holding that non-party inmates were intended beneficiaries of consent decree). This does not mean, however, that he has standing to seek to enforce the settlement. While the *Hook* court held that non-party prison inmates do have standing to enforce consent decrees entered into by other prisoners, the Sixth Circuit holds the opposite:

> In *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992), we held that third parties to a consent decree lack standing to enforce their understanding of its terms. In so holding, we relied on the following language in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975): "[A] well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral

>   proceedings by those who are not parties to it even though they were intended to be benefitted by it." *Id.* at 750 (emphasis added). Despite this language, plaintiffs argue that their cases are distinguishable from *Vogel* because, in plaintiffs' view, they were intended third-party beneficiaries of the consent decrees. This view of the decrees is based on the decrees' declared object of ensuring that "equal employment opportunities will be provided to all." We reject plaintiffs' argument. The plain language of *Blue Chip* indicates that ***even intended third-party beneficiaries of a consent decree lack standing to enforce its terms***. Although other circuits have held to the contrary, see *Hook*, 972 F.2d at 1015 (concluding that the holding of *Blue Chip* "does not apply to intended third party beneficiaries"); *Berger v. Heckler*, 771 F.2d 1556, 1565 (2d Cir. 1985) ("we think that [Blue Chip] was not intended to preclude nonparties from intervening to enforce a consent decree where otherwise authorized by the federal rules of civil procedure"), we are unable to join them until the Supreme Court revisits the unequivocal language of *Blue Chip*.

*Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994) (emphasis added); *Sanders v. Republic Servs. of Ky.*, *LLC*, 113 Fed. Appx. 648, 650 (6th Cir. 2004) ("Following *Blue Chip Stamps*, we have held that parties, even intended third-party beneficiaries, lack standing to enforce their interpretations of agreed judgments.").

Thus, because Movant McFall was not a party to the original action, he cannot seek to enforce its settlement. Accordingly, his motion (DN 59) is **DENIED.**

This does mean, however, that Movant McFall is without recourse. He is always free to initiate a new action in his own name. In the event that he desires to do so, the Clerk of Court is **DIRECTED** to mail Movant McFall copies of the forms and instructions for initiating a civil rights action pursuant to 42 U.S.C. § 1983.

Date:

cc:     Earl McFall, G.R.C.C., Inmate No. 083425, P.O. Box 9300, Central City, KY 42330-9300
        James Allen Peters, 200 Road to Justice, West Liberty, Kentucky 41472
        Justice & Public Safety Cabinet, Office of Legal Counsel, Frankfort, Kentucky
4412.008